IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
HATTIESBURG DIVISION

HERMAN SAUNDERS                                                PETITIONER

VERSUS                                        CIVIL ACTION NO.  2:02cv558-KS-RHW

EMMITT L. SPARKMAN, et al.                                    RESPONDENTS

## PROPOSED FINDINGS OF FACT AND RECOMMENDATIONS

BEFORE THE COURT is the Application of Herman Saunders for Writ of Habeas

Corpus pursuant to 28 U.S.C. § 2254, filed July 9, 2002.  On August 7, 2002,  Respondents

moved for dismissal [doc. 7] pursuant to § 2244(d).  On March 13, 2003, Magistrate Judge Louis

Guirola, Jr. entered proposed findings of fact and recommended that the petition be dismissed as

barred by the one-year statute of limitations.  Saunders objected, claiming he had been misled by

the Court into dismissing a previously filed habeas petition [Saunders v. Booker, Civil Action

2:00cv137PG].   District Judge Charles Pickering found in the instant case that Saunders'

original claims pled in 2:00cv137 were equitably tolled in accordance with *Alexander v.*

*Cockrell*, 294 F. 3d 626, 628-30 (5th Cir. 2002) and *United States v. Patterson*, 211 F. 3d 927,

931-32 (5th Cir. 2000), and  re-referred the matter to the Magistrate, requesting that the

Magistrate Judge also consider whether equitable tolling applies to the new claims presented for

the first time in the instant petition.

The undersigned has fully reviewed the files and pleadings in both this case and in Case

2:00cv137PG, and is of the opinion that, as Judge Pickering stated, "Plaintiff was fully informed

of the consequences of the dismissal of his previous petition"  in No. 2:00cv137PG.  The

undersigned can see neither how Saunders could reasonably have been misled by Judge

Pickering's order granting Saunders' motion to dismiss that case, nor any proof of the "rare and exceptional circumstances" required for application of equitable tolling.    The undersigned is of the opinion that all Saunders' claims in the instant petition should be dismissed as time-barred, but will, in keeping with the re-referral, address issues 1-4 of the instant petition which were previously presented in the petition filed in Case 2:00cv137.  As to issues 5-9,  presented for the first time in Case 2:02cv558, filed almost three years after Saunders' conviction became final, the undersigned finds no equitable tolling applicable to these claims, and recommends they be dismissed as time-barred.

<u>FACTS AND PROCEDURAL HISTORY</u>

On April 3, 1997, Petitioner Herman Saunders was convicted, as an habitual offender, of two counts of capital murder  in the Circuit Court of Lamar County, Mississippi.[1]  Saunders was sentenced to serve two consecutive life sentences in custody of the Mississippi Department of Corrections, without the possibility of parole, probation or early release.   Saunders appealed, assigning as error the trial court's:

(1)     applying the murder for hire statute to the killing of a chance victim;

(2)     admitting evidence of  prior bad acts;

(3)     allowing testimony regarding Saunders' status as an habitual offender;

(4)     allowing the calling of a witness expected to invoke his Fifth Amendment rights;

(5)     admitting hearsay evidence of a co-conspirator's prior conviction.

The Mississippi Court of Appeals affirmed on December 30, 1998, and denied rehearing on

---

[1]Saunders was convicted of having hired Danny Porter and Carlos Stewart to kill Bennie Brown, who was scheduled to testify against Saunders before a grand jury.  The hirelings killed Natasha Cole because she witnessed Brown's murder, and might identify them as the killers.

April 20, 1999.  *Saunders v. State*, 733 So. 2d 325 (Miss. App. 1999)  Saunders filed no petition for certiorari to the U.S. Supreme  Court.

On April 25, 2000, Saunders filed, in the Northern District of Mississippi, Civil Action No. 4:00mc8JAD,  a petition for writ of habeas corpus dated April 19, 2000.  The petition was accompanied by a motion to extend time to properly prepare and file a supplemental brief,  in which Saunders states:

> ... my mother had retained the National Legal Professional Associates case analysis and research out of Ohio to file a post-conviction for me but they did not have it ready in time for my one year time limitation to have it filed into court from being barred from filing further Appeals such (*sic*) Federal habeas, and due to that fact I am compel (*sic*) to file a habeas ...[2]

The statement clearly shows that in April 2000 Saunders was aware of the impending expiration of the one-year limitations period for filing a federal habeas petition, and that he knew he must exhaust his state remedies via post-conviction motion, before filing a federal habeas petition.

When it was ultimately determined that Saunders' state court convictions occurred in Lamar County, in the Southern District of Mississippi, the matter was transferred to the Southern Division of this District where it was filed on June 5, 2000 as Civil Action No. 2:00cv137 PG. In this first petition, Saunders presented as grounds for relief issues identical to those raised on direct appeal, *i.e.*, that (1) the evidence was insufficient to support his conviction of capital murder of Natasha Cole; (2) his conviction/sentence violate due process because the trial court allowed evidence of other offenses, *i.e.*, that Saunders told Stewart and Porter to kill Nakia Mason, who witnessed Saunders paying Stewart and Porter after Brown's murder, and evidence

---

[2]Saunders reiterated this statement in a subsequent motion for extension of time [doc. 3] filed June 23, 2000.

3

that Saunders was an habitual offender; (3) the trial court violated Petitioner's Sixth Amendment right to confront witnesses by permitting Danny Porter to take the stand and plead the Fifth Amendment when asked, "Were you and Carlos Stewart hired by Herman Saunders to kill Bennie Brown, Sr.?" ;[3] and (4) the trial court's allowing Carlos Stewart to testify that Danny Porter was a convicted felon violated the confrontation clause of the Sixth and Fourteenth Amendments.

On July 18, 2000, Saunders filed in Case 2:00cv137 [doc. 4] a "motion to dismiss federal habeas without prejudice and to be allowed to return to the state court to seek post conviction relief and later be allowed to return to federal court to seek federal habeas."   In this motion, Saunders stated he had "other constitutional claims that have not yet been exhausted[4] in state court that he would like to raise..." specifically, alleged defects in the indictment.  On August 2, 2000, Judge Pickering granted Saunders' motion to dismiss, stating:

> Petitioner is advised that by allowing him to dismiss this petition without prejudice, does <u>not</u> guarantee that if he does not receive the requested relief from the Mississippi State Courts and at that time attempts to pursue his federal habeas corpus remedies that his petition will be timely filed.

(Emphasis in original)  The Court's order referenced the provisions of the Antiterrorism and Effective Death Penalty Act ("AEDPA") to reiterate that a prisoner has but one year from the date his conviction becomes final to file a § 2254 motion; that the period may be tolled during the time a properly filed application for State post-conviction relief is pending.  Further, citing *Flanagan v. Johnson*, 154 F.3d 196, 199, n.1 (5th Cir. 1998), the order warned Saunders that time

---

[3] This is the only question Porter was asked.

[4] This statement further demonstrates Saunders' knowledge of the exhaustion requirement.

which had passed between the date his conviction became final and the filing of application for State court relief is "counted against the one-year period of limitation." The Court continued:

> ... it is clear that the AEDPA's one-year statute of limitations is running and will continue to run against petitioner until he properly files an application for post-conviction relief in state court. Furthermore, *in the event that the petitioner does not properly file an application in state court within one year from the date on which his conviction became final, § 2244(d)(1) will preclude him from pursuing federal relief*...

(Emphasis added)  Saunders took no exception to the Court's order, and Case 2:00cv137PG was dismissed August 2, 2000.

On October 2, 2000, Saunders filed with the Mississippi Supreme Court his application for leave to file a post-conviction motion in the state trial court,[5] presenting five issues, four of which are premised upon alleged defects in the indictment: the first and second claim Saunders' indictment was defective for failing to allege that he "unlawfully and feloniously and of his malice aforethought aid, abet and assist" the men he hired to kill Brown, and that Court III charges him only with violating Mississippi Code Ann. § 97-3-19(2);  the third asserts that the defective indictment deprived the trial court of jurisdiction to try and sentence him; the fourth alleges his counsel was ineffective for failing to object to the defective indictment, and the last urges that no bifurcated hearing was held to determine Saunders' habitual offender status.

By order dated July 16, 2001, the Mississippi Supreme Court denied Saunders leave to file for post-conviction relief in the trial court, finding all his claims procedurally barred except for the claim of ineffective assistance of counsel, which that court found to be without merit. Almost a full year after denial of his post-conviction application, Saunders filed Civil Action No.

---

[5]The motion is dated September 26, 2000.

2:02cv558 on July 9, 2002.  This is the petition for federal habeas corpus relief now before the

Court.[6]   In the present petition, Saunders restates the four issues originally presented in the

petition in Case No. 2:00cv137PG, and adds the issues presented in his post-conviction

application.

DISCUSSION

Section 2244(d) of Title 28, United States Code, as amended, provides as follows:

(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus
by a person in custody pursuant to the judgment of a State court.  The limitation period
shall run from the latest of–
> (A) the date on which the judgment became final by the conclusion
> of direct review or the expiration of the time for seeking such
> review;
> (B) the date on which the impediment to filing an application
> created by State action in violation of the Constitution or laws of
> the United States is removed, if the applicant was prevented from
> filing by such State action;
> (C) the date on which the constitutional right asserted was initially
> recognized by the Supreme Court, if the right has been newly
> recognized by the Supreme Court and made retroactively
> applicable to cases on collateral review; or
> (D) the date on which the factual predicate of the claim or claims
> presented could have been discovered through the exercise of due
> diligence.

The Mississippi Court of Appeals affirmed Saunders' judgments of conviction and sentences on

December 30, 1998, and denied his petition for rehearing April 20, 1999.  Since Saunders did not

petition for certiorari to the U.S. Supreme Court, his judgments of conviction and sentences

became final ninety days later, on July 19, 1999, and his one-year limitation for filing for federal

habeas relief began to run.  *See*, *Ott v. Johnson,* 192 F.3d 510, 513 (5th Cir. 1999).   Saunders

---

[6]This petition is dated July 1, 2002.

6

filed no application for state post-conviction relief between July 19, 1999 and July 19, 2000,[7]

therefore there  was no statutory tolling of the limitations period under 28 U.S.C. § 2244(d)(2).

Saunders moved to dismiss his first petition [Case 2:00cv137PG] on July 18, 2000, the

day before his limitations period for filing a § 2254 petition expired, so he could exhaust state

court remedies as to other claims he wished to present, yet he waited almost two months before

filing an application for post-conviction relief.  And after the State court denied post-conviction

relief, Saunders allowed almost a full year to elapse before he filed the present habeas petition.

While, as previously stated, the undersigned is of the opinion that no equitable tolling should

apply to any of Saunders' claims, this Court holds that certainly there is no equitable tolling

available as to the claims that Saunders failed to present to any tribunal within one year of the

date his conviction became final.

> Equitable tolling applies principally where the plaintiff is actively
> misled by the defendant about the cause of action or is prevented in
> some extraordinary way from asserting his rights.

*United States v. Patterson*, 211 F.3d 927, 930-31 (5th Cir. 2000) (quoting *Rashidi v. American*

*President Lines*, 96 F.3d 124, 128 (5th Cir. 1996).  Equitable tolling is not favored, and is

"reserved for those rare instances where – due to circumstances external to the party's own

conduct – it would be unconscionable to enforce the limitation period against the party and gross

injustice would result."  *Harris v. Hutchinson*, 209 F. 3d 325, 330 (4th Cir. 2000).  This court

finds no rare and exceptional circumstances to justify application of equitable tolling, particularly

in light of Saunders own conduct in delaying filing for post-conviction relief, and then in

delaying in filing the instant petition.  The undersigned finds all Saunders' claims premised upon

---

[7]Saunders first filed an application for post-conviction relief on October 2, 2000.

alleged defects in his indictment, including the claim that his attorney was deficient in failing to object to the allegedly defective indictment,  as well as Saunders' claim that the trial court failed to conduct a bifurcated hearing to determine his habitual offender status,[8] assuming they actually present constitutional claims cognizable in this proceeding, are time-barred pursuant to 28 U.S.C. § 2244(d)(1).   The merits of only the four claims originally presented in Saunders first habeas petition [Case 2:00cv237PG] and reiterated in the present petition are addressed below.

**1.  Sufficiency of evidence to support capital murder conviction of Natasha Cole.[9]**

Saunders claims the evidence showed only that he contracted to have Porter and Stewart kill Bennie Brown; that no evidence showed he specifically hired Stewart and Porter to kill Natasha Cole, whom they killed to avoid being identified as the perpetrators of Brown's murder. Because his contract was only for the killing of Brown, Saunders contends he could not be charged or convicted of capital murder of Cole.   The state appellate court thoroughly analyzed this claim in light of the Mississippi capital murder statute and the facts of the case, and held adversely to Saunders.  A state court's decision on a question of state law is binding in federal court.  *Estelle v. McGuire*, 502 U.S. 62, 67-68, 112 S. Ct. 475, 116 L. Ed. 2d 385 (1991). Furthermore, in a federal habeas corpus case, the standard of review of sufficiency of the evidence requires that all evidence be examined in the light most favorable to the verdict, to determine whether any rational fact-finder could have found the essential elements of the crime

---

[8]The state court's order of conviction and sentence entered following the jury verdict on guilt expressly recites that the Court did conduct a bifurcated hearing outside the jury's presence to determine Saunders habitual offender status, and found him to be such.

[9]Even if this claim were meritorious, Saunders would still be serving life without parole for the capital murder of Brown.

proven beyond a reasonable doubt.   *Miller v. Johnson*, 200 F.3d 274 (5th Cir. 2000); *Hughes v. Johnson*, 191 F.3d 607 (5th Cir. 1999).   The evidence in this case, particularly the testimony of Carlos Stewart, one of Saunders' hired killers, satisfies that standard.[10]  The undersigned finds this claim without merit.

### 2.  Admission of evidence of other offenses.

As a general rule, evidentiary rulings of state trial courts are not subject to habeas review. State court evidentiary rulings present cognizable habeas claims only if they run afoul of a specific constitutional right or render the petitioner's trial fundamentally unfair.  *Johnson v. Puckett*, 176 F.3d 809 (5th Cir. 1999), (citing  *Cupit v. Whitley,* 28 F.3d 532, 536 (5th Cir.1994). In issue 2 Saunders claims only a violation of due process rights.

> A federal court may grant habeas relief based on an erroneous state court evidentiary ruling only if the ruling violates a specific federal constitutional right or is so egregious that it renders the petitioner's trial fundamentally unfair.

*Brown v. Dretke,* 419 F.3d 365, 376 (5th Cir.2005) (citing *Castillo v. Johnson,* 141 F.3d 218, 224 (5th Cir.1998) (additional citations omitted)).

Rejecting Saunders argument as to the testimony that he ordered his hirelings to kill Mason (who witnessed the pay-off for Brown's murder), the Mississippi Court of Appeals noted that under Mississippi law, evidence of other wrongs is admissible if it is so related to the offense being tried that it is a part of the whole story of the matter on trial.  As for the evidence that Saunders was not charged as an habitual offender for the aggravated assault on Bennie Brown,

---

[10]Had Saunders been granted a simple murder instruction as to Cole's murder, and even had he been convicted murder less than capital in her death, the only sentence he could have received for such crime would be precisely the same sentence he is now serving for Cole's murder, *i.e.*, life imprisonment under Miss. Code Ann. § 97-3-21, without parole as a result of Saunders' habitual offender status, under Miss. Code Ann. § 99-19-81.

that court pointed out that the evidence complained of was elicited only in redirect examination after Saunders opened the inquiry as to parole eligibility on cross-examination.  Even if the trial court committed constitutional error in allowing this evidence, "such error must have rendered the trial fundamentally unfair in order to afford a basis for relief under section 2254." *Smallwood v. Johnson*, 73 F.3d 1343, 1349 (5th Cir. 1996).   In light of the overwhelming evidence of Saunders' guilt, particularly the testimony of one of the very men he hired to kill Brown, the undersigned is of the opinion that the evidentiary matters of which Saunders complains did not render his trial fundamentally unfair.

### 3.  Calling a witness expected to refuse to testify under Fifth Amendment.

Saunders claims violation of his Sixth Amendment right to confrontation by the trial court's allowing the State to call Danny Porter to the stand when he was expected to, and did, invoke his Fifth Amendment right not to testify.  Porter was asked a single question, "Were you and Carlos Stewart hired by Herman Saunders to kill Bennie Brown, Sr.?"   He declined to answer on Fifth Amendment grounds.  There was no further questioning.  Porter gave no evidence in the case.

> Confrontation Clause rights, including the right of cross-examination, are prompted by testimony that inculpates a defendant. That which is neither accusatory nor incriminatory, because it is not disclosed to the jury, cannot seriously be thought to trigger Sixth Amendment concerns. There is no need to test and undermine that which does not at least clearly imply guilt. The significant rights conferred by the Sixth Amendment never come into play.

*Foy v. Donnelly*, 959 F.2d 1307, 1314 (5th Cir. 1992).   No evidence was elicited from or through Porter inculpating Saunders, thus there is no merit to Saunders claim of Sixth Amendment violation resulting from Porter's simply being called to the witness stand.

**4. Allowing Stewart to testify that Porter had a prior felony conviction.**

Saunders argument as to this issue again challenges the state court's ruling on an evidentiary matter, governed by the same authority set forth under issue 3, above.   The Mississippi Court of Appeals determined that this evidence was elicited from Saunders to "show the context in which the [State's] decision to deal with Stewart rather than Porter was reached." Stewart had no prior felony convictions.  The undersigned is of the opinion that this evidentiary ruling did not render Saunders' trial fundamentally unfair, and that it had no substantial or injurious effect in determining the jury's verdict.

## NEED FOR AN EVIDENTIARY HEARING

When, as here, a petitioner for relief under Title 28 U.S.C. § 2254 has presented claims that are either contrary to law or plainly refuted by the record, an evidentiary hearing is not necessary.  *See U. S, v. Green,* 882 F.2d 999, 1008 (5th Cir. 1989); *U.S. v. Raetzsch*, 781 F.2d 1149, 1151 (5th Cir. 1986); *U.S. v. Fuller*, 769 F.2d 1095, 1099 (5th Cir. 1985).  Accordingly, Petitioner's claims in this case do not merit an evidentiary hearing.

## RECOMMENDATION

Having considered the Petition, Respondent's answer, the record, and the relevant legal authority, it is the recommendation of the undersigned that Petitioner's Application for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 be denied and this matter be dismissed.

## INSTRUCTIONS FOR SERVICE AND NOTICE OF RIGHT TO APPEAL/OBJECT

The United States District Clerk shall serve a copy of this Proposed Findings of Fact and Recommendation on all parties by mailing a copy to each of them by Certified Mail, Return

11

Receipt Requested.  Pursuant to 28 U.S.C. § 636(b)(1), any party who desires to object to this report must serve and file written objections within ten (10) days after being served with a copy unless the time period is modified by the District Court.  A party filing objections must specifically identify those findings, conclusions and recommendations to which objections are being made; the District Court need not consider frivolous, conclusive or general objections. Such party shall file the objections with the Clerk of the Court and serve the objections on all other parties.  A party's failure to file such objections to the proposed findings, conclusions and recommendation contained in this report shall bar that party from a de novo determination by the District Court.  Additionally, a party's failure to file  written objections to the proposed findings, conclusions, and recommendation contained in this report within ten (10) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed **factual findings and legal conclusions** accepted by the district court. *Douglass v. United Services Automobile Association*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).

Signed, this the 7th day of November, 2005.

/s/ *Robert H. Walker*

ROBERT H. WALKER
UNITED STATES MAGISTRATE JUDGE